█ RAMMAR ASSOCIATES, INC., Respondent, v. INCORPORATED VILLAGE OF WESTBURY, Appellant.— Judgment of the Supreme Court, Nassau County, dated June 23, 1969, affirmed, with costs. (*De Sena* v. *Gulde,* 24 A D 2d 165.) Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

█ GILBERT TWINING, Respondent, v. FAR EASTERN MANUFACTURING COMPANY, INC., Appellant.— In a negligence action to recover damages for personal inuries, defendant appeals from an order of the Supreme Court, Queens County, dated September 10, 1969, which granted plaintiff's motion to preclude defendant with respect to evidence as to the condition of defendant's vehicle after the occurrence of the accident. Order modified, on the law and the facts, by (1) limiting the preclusion to defendant's offering into evidence at the trial any documentary evidence relating to the condition of the Hi-Lo vehicle after the accident and (2) otherwise denying the motion. As so modified, order affirmed, without costs. The record reveals that plaintiff's prior motion for discovery, which resulted in a conditional order of preclusion, dated August 10, 1965, sought discovery of written documents relating to the inspection, maintenance and purchase of the Hi-Lo vehicle. Defendant averred that none existed relating to the condition of the vehicle after the accident. The conditional order precluded defendant from offering any evidence of the condition of the vehicle after the accident unless defendant would furnish copies of such documents to plaintiff within 20 days after service of a copy of that order on defendant. In our opinion, the scope of the conditional order related to the preclusion of such written documents. None existed. Defendant therefore was not a disobedient party within the meaning of CPLR 3126. The conditional order, however, did properly provide for protection of plaintiff from the introduction of such documentary evidence at the trial if in fact there were such documents in existence. The final order of preclusion, i.e., the order from which the appeal was taken, should not go beyond that. When counsel for defendant refused to permit oral questions of its witness concerning the condition of the Hi-Lo vehicle at an examination before trial, counsel for plaintiff did not seek a court determination of the propriety of such oral questions. This preclusion should not be permitted to reach out to bar the oral testimony of this witness. The result we reach would be different, i.e., affirmance, if in fact there were documents (not protected from discovery) relating to the inspection and condition of the vehicle after the accident that defendant had refused to produce for discovery. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.